

MICHAEL R. SCOLNICK (MS9984)
**Michael R. Scolnick, P.C.**
420 Route 59, First Floor
Airmont, New York 10952
Telephone: 845-354-9339
Fax: 845-365-1506
*Attorneys for the Plaintiff*

**13 CV 3682**

**JUDGE COTE**

**UNITED STATES DISTRICT COURT**
Southern District of New York
MICHAEL PEREZ,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, P.O. CRAIG EMHARDT
(#00515), P.O. BRIAN J. HIGGINS (#02194),
and SGT. ROBERT BARNETT (#00157),

            Defendants.

------------------------------------------------------------------

PLAINTIFF DEMANDS A
TRIAL BY JURY

Civil Action
No_____
COMPLAINT FOR
DAMAGES-
False Arrest; Malicious
Prosecution; Assault; Battery;
42 U.S.C. 1983; Destruction
of and Damage to Personal
Property

## PRELIMINARY STATEMENT

1.    This is an action for monetary damages (compensatory and punitive) against defendant CITY

OF NEW YORK (hereinafter, CITY), Defendant Sgt. ROBERT BARNETT (#00157)

(hereinafter "BARNETT"), individually and as a supervisory employee of defendant CITY,

Defendants P.O. CRAIG EMHARDT (#00515), and P.O. BRIAN J. HIGGINS (#02194),

(hereinafter "EMHARDT" and "HIGGINS") all being police officers of defendant CITY,

who participated in the arrest, detention and prosecution of plaintiff, this action arising out

of their false arrest, malicious prosecution, assault, battery, filing of false reports regarding,

and false imprisonment of, plaintiff, MICHAEL PEREZ.

2.    On July 9, 2010 at approximately 4:15 a.m., officers BARNETT and HIGGINS, officers of

the New York City Police Department (hereinafter "NYPD"), and employees of the CITY

OF NEW YORK, individually and (regarding BARNETT) as a supervisory employee of

defendant CITY, and as agents, servants and/or employees of defendant CITY, acting in

concert, under color of state laws, intentionally and wilfully subjected plaintiff to, *inter alia*,

false arrest, false imprisonment, detention, assault, battery, filing of false reports and

malicious prosecution, (and, ultimately, negligent destruction of, and damage to, plaintiff's

personal property) for acts of which plaintiff was innocent.

### JURISDICTION

3.   This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C.

Section 1983 and 1985, the Fourth, Fifth and Fourteenth Amendments to the Constitution

of the United States, and under the Constitution, statutes and common law of the State of

New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction

over plaintiff's state law claims is asserted.

4.   Venue is laid within the United States District Court for the Southern District of New York

in that the defendants CITY, EMHARDT, HIGGINS and BARNETT are located within, and

a substantial part of the events giving rise to the claim occurred within, the boundaries of the

Southern District of New York.

### PARTIES

5.   Plaintiff, MICHAEL PEREZ was and is a citizen of the United States and at all times

relevant hereto resided in the County of Bergen, and State of New Jersey.

6.   Defendant CITYt was at all times relevant hereto, a municipal corporation, and a subdivision

of the State of New York, organized and existing pursuant to the Constitution and the laws

-2-

of the State of New York.

7.   The NYPD was at all times relevant hereto, a subdivision, department or agency of Defendant CITY.

8.   The arresting officers, EMHARDT, HIGGINS and BARNETT were, at all times relevant hereto, employees of Defendant CITY, duly appointed and acting as police officers in the NYPD and were agents, servants and/or employees of defendant CITY, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

9.   Defendant BARNETT is and was, at all times relevant hereto, a supervisory employee of, and an agent, servant and/or employee of Defendant CITY, acting in the course and scope of his employment as such and in furtherance of the interests and business of his said employer, and otherwise performed and engaged in conduct incidental to the performance of his functions in the course of his duties. He is sued individually and in his supervisory capacity.

10.  At all times mentioned herein, the individual defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and of the State of New York.

### NOTICE OF CLAIM

11.  Within 90 days following the successful termination of the prosecution of plaintiff arising from this incident, plaintiff filed written Notice of Claim with Defendant CITY. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

12.  On July 9, 2010 at approximately 4:35 a.m., claimant Michael PEREZ, a gainfully employed, college educated, professional Information Technology consultant, who was also a project manager and community youth volunteer, was lawfully operating his 2010 Mercedes Benz automobile in the left lane, westbound on the Cross Bronx Expressway (also known as Interstate 95).

13.  At or near a point or place about ½ mile east of where the Cross Bronx Expressway passes over 3rd Avenue, in the County of Bronx, City and State of New York, PEREZ's vehicle was sideswiped on the right passenger side by a black Chevrolet Impala automobile, bearing, upon information and belief, license registration number DPL7714, New York for the year 2010.

14.  That vehicle, upon information and belief, was owned by Defendant CITY (acting by and through the NYPD) and was operated by defendant HIGGINS.

15.  That contact or sideswiping forcibly pushed plaintiff's car into a pot hole, causing damage to its body, axle and wheel (s) and causing the automatic deterrent system to activate and slow down and stop the car.

16.  The black Impala that sideswiped PEREZ was an unmarked NYPD police vehicle which stopped together with two other police cars.

17.  Four NYPD officers exited the vehicles, including Defendants EMHARDT, BARNETT, and HIGGINS who drove the unmarked Impala and an older officer unknown to Plaintiff, (hereinafter referred to as "John Doe").

18.  Upon his vehicle stopping, Plaintiff PEREZ was opening his glove compartment to retrieve

his registration and insurance documents.

19.  Plaintiff was then approached by Defendants BARNETT and HIGGINS, with guns drawn and pointed at Plaintiff PEREZ's face, screaming at him to "Get the fuck out of the car now, motherfucker!"

20.  As Plaintiff PEREZ attempted to exit the vehicle Defendants BARNETT and HIGGINS grabbed him by the clothing and his arm and pulled him out of the car.

21.  Defendants BARNETT and HIGGINS then began pummeling PEREZ, hitting him with a baton and with the butt of a gun, punching his face and abdomen, and stomping Plaintiff PEREZ as he was down on the ground.

22.  The older officer, John Doe, when Plaintiff was begging Defendants BARNETT and HIGGINS to stop beating him, insisted that the officers "stop" saying "thats enough" and the assault and battery by Defendants BARNETT and HIGGINS came to an end.

23.  Defendants EMHARDT, BARNETT, and HIGGINS transported Plaintiff PEREZ to the 48th precinct station house where he was processed, i.e., photographed and fingerprinted.

24.  After several hours in custody at the 48th Precinct, Plaintiff PEREZ was transferred to Central Booking, where he was held until his arraignment about 22 hours later.

25.  At his arraignment, on July 9, 2010, based, upon information and belief, upon false statements made by Defendants EMHARDT, BARNETT, and HIGGINS, Plaintiff PEREZ was charged with violations of the following sections of New York law: Penal Law §205.30, Resisting Arrest, Vehicle and Traffic Law (VTL) §1192[3], Operating a Vehicle While Intoxicated, and VTL 1194[1], Refusal to Take Breath Test.

26.  Thereafter, upon information and belief, on or about August 11, 2010, Defendant EMHARD

-5-

executed a false and fraudulent "Superceding Information" in the Bronx Criminal Court, Criminal Division, under Docket # 2010BX043134, charging Plaintiff PEREZ with violations of the following sections of New York law: Penal Law (PL) §205.30, Resisting Arrest, PL §145.00(3), Criminal Mischief in the 4th Degree, Vehicle and Traffic Law (VTL) §1212, Reckless Driving, VTL §1192[3], Operating a Vehicle While Intoxicated, and VTL 1192[1], Operating a Motor Vehicle While Impaired. A copy of that Superceding Information is annexed hereto as Exhibit A, and is incorporated herein with the same force and effect as though fully set forth at length herein.

27.   Thereafter, upon information and belief, on or about August 11, 2010, Defendant HIGGINS executed a false and fraudulent "Supporting Deposition" in which he avers that the facts stated in the aforementioned "Superceding Information" to be on information furnished by him are true upon his personal knowledge. A copy of that Supporting Deposition is annexed hereto as Exhibit B, and is incorporated herein with the same force and effect as though fully set forth at length herein.

28.   Upon his wrongful arrest, Plaintiff PEREZ's car was impounded and he was deprived of the use thereof for about 18 months, though he continued to make car payments each month, and car insurance payments, and resulting in his need to expend an additional sum of approximately $1,900.00 for the rental of another vehicle.

29.   As a result of his wrongful arrest, falsely charged with Driving While Intoxicated and with Driving While Impaired, he was wrongfully required to undergo a breath test, which he refused, resulting in suspension of his driving privileges in New York State.

30.   On March 12, 2012 the Honorable Harold Adler dismissed all charges against Plaintiff

PEREZ.

31.     After his release from Central Booking, and on July 10, 2010, sought medical attention at the Englewood (NJ) Hospital Emergency Room, where he was treated for the following conditions: physical assault; microscopic hematuria, abrasions to the right elbow and knee, contusions to the face, chest, right upper arm, right wrist and knee; Hypertension; left sub-conjunctival hemorrhage.

32.     To this day, Plaintiff PEREZ suffers from emotional anxiety and fear of police officers.

33.     After the dismissal of charges against Plaintiff PEREZ, as herinabove alleged, and, upon information and belief, on or about May 23, 2012, an automobile appraiser, acting on behalf of Plaintiff PEREZ's automobile insurance carrier, Progressive Insurance Company, inspected the Plaintiff's 2010 Mercedes-Benz motor vehicle and evaluated the damage to the vehicle at $6,429.09.

34.     Thereafter, and on or about June 5, 2012, a mere thirteen (13) days later, a further appraisal disclosed additional damage to the vehicle, now totaling $23,567.29, while in the custody of the Defendant CITY's impound yard, upon information and belief, sometime during the period from May 23, 2012 to June 5, 2012.

35.     In order to retrieve his vehicle from the Property Clerk Plaintiff PEREZ needed to pay the property clerk the sum of $1,000.00 as a consequence of his car being wrongfully impounded as a result of his wrongful false arrest, as hereinabove alleged.

36.     As a result of all of the foregoing, Plaintiff PEREZ was required to incur and expend legal fees to defend himself against these false charges, expending the sum of $2,500.00, as against a prospectively substantially greater fee, should the matter have gone to trial.

37. In addition, during the time that Plaintiff PEREZ was deprived of possession of his car, on account of the wrongful and unlawful acts of Defendants as hereinabove alleged, he was nonetheless required to pay to his finance company the approximate sum of $13,740.00 in car payments, and to his automobile insurance carrier, the approximate sum of $7,434.00, all on account of the wrongful acts of defendants.

38. On July 9, 2010, at approximately 4:15 a.m., in the vicinity of Cross Bronx Expressway (Interstate 95) southbound about 1/2 mile north of where it passes over Third Avenue, in the County of Bronx, City and State of New York, Plaintiff MICHAEL PEREZ was stopped, detained, beaten, and arrested by Defendants EMHARDT, BARNETT, and HIGGINS, employees of defendant CITY, without reasonable suspicion to stop or detain, and without just, reasonable, lawful, or proper cause to arrest or use unlawful and excessive force upon plaintiff PEREZ.

39. Upon information and belief, Defendants EMHARDT, HIGGINS and BARNETT, wrongfully and improperly stopped, detained, and arrested plaintiff MICHAEL PEREZ in regard to a crime which had nothing to do with plaintiff, and deprived him of property without due process of law.

40. Upon information and belief, Defendants EMHARDT, HIGGINS and BARNETT, with deliberate disregard for proper, lawful, appropriate, correct, and effective investigative behaviors and procedures, stopped, detained, and arrested Plaintiff MICHAEL PEREZ when it was not right, just, lawful, proper, or necessary to do so.

41. Upon information and belief, and without proof that plaintiff MICHAEL PEREZ was in any way connected or related to a crime, or in fact, that any crime was, in fact, committed, and

without reasonable suspicion to stop him, nor probable cause to detain or arrest him, Defendants EMHARDT, HIGGINS and BARNETT, employees of Defendant CITY, individually and acting in concert, knowingly, unlawfully and wrongfully fabricated charges against the plaintiff and set them forth in a false and fabricated criminal complaint (information), falsely sworn to by Defendant EMHARDT on on or about July 9, 2010 and in a superceding information sworn to by Defendant EMHARDT on or about August 11, 2010, and supported, falsely and fraudulently, by Defendant HIGGINS that same date in a sworn supporting deposition.

42.  The criminal complaint, and the superceding information, Exhibit A, were and are false and fraudulent in alleging that plaintiff MICHAEL PEREZ committed P.L §205.30, Resisting Arrest, P.L. §145.00(3), Criminal Mischief in the 4th Degree, V.T.L. §1212, Reckless Driving; V.T.L. §1192(3), Operating a Motor Vehicle While Intoxicated; V.T.L. §1192(1) Operating a Motor Vehicle While Impaired, and in alleging the facts therein set forth alleged to constitute those charges.

43.  Based upon the false criminal complaint, and superceding information, prepared, upon information and belief, by the defendant employees, and signed by Defendant EMHARDT, and the supporting deposition by Defendant HIGGINS, dated and, upon information and belief, executed on August 11, 2010, the Criminal Court of the City of New York, County of Bronx, and Supreme Court of the State of New York, Criminal Term, County of Bronx, arraigned Plaintiff MICHAEL PEREZ on the above charges.

44.  On July 9, 2010, employees of defendant CITY, Defendants EMHARDT, HIGGINS and BARNETT, acting in concert, maliciously and with intent to injure Plaintiff MICHAEL

PEREZ, and without just cause or any right to do so, beat him with fists, feet, and weapons, handcuffed him, jailed, and detained him and restrained him of his liberty, against the will of the plaintiff.

45. At no time did the plaintiff offer resistance as the police officers, Defendants EMHARDT, HIGGINS and BARNETT, arrested him.

46. The arrest of the plaintiff by the individual defendants was perpetrated by the individual defendants without a warrant or other legal process and without probable cause.

47. Defendants acted maliciously and intentionally.

48. Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts of the defendants, and was confined in various facilities of Defendant CITY, including the 45th Precinct and 48th Precinct lockups, and the lockup at Central Booking and at the Court.

49. Eventually, the plaintiff was released from such confinement and detention.

50. Thereafter the plaintiff was forced to return to court on multiple occasions, over a period of about 20 months, until the criminal charges against plaintiff were dismissed outright, on March 12, 2012. During that period he was forced to appear in public, and before the public, as a defendant, a person accused of criminal acts, acts of which the plaintiff was not guilty.

51. The criminal charges against Plaintiff MICHAEL PEREZ were disposed of, in his favor, by being dismissed, on March 12, 2012 in the Supreme Court of the State of New York, Criminal Term, Bronx County, by Hon. Harold Adler, Acting Justice of the Supreme Court.

52. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered severe and permanent damages including, but not limited to:

a.   Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person, and property,

b.   embarrassment,

c.   humiliation,

d.   loss of liberty,

e.   loss of income,

f.   loss of and damage to personal property

g.   loss of employment,

h.   loss of weight,

i.   emotional distress and

j.   mental anguish.

53.   The actions of the individual defendants violated the following clearly established and well settled federal constitutional rights of plaintiff:

a.   Freedom from the unreasonable seizure of his person.

b.   Freedom from the unreasonable seizure of his property.

c.   Freedom from the use of excessive, unreasonable and unjustified force against a person.

**FIRST COUNT**
**(42 U.S.C. SECTIONS 1981, 1983 and 1985**
**AGAINST INDIVIDUAL DEFENDANTS)**

54.   Paragraphs 1 through 53c. are incorporated herein by reference.

55. The individual Defendants, acting in concert and under the color of state law, have deprived Plaintiff MICHAEL PEREZ of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. Sections 1981, 1983 and 1985.

56. As a result, Plaintiff MICHAEL PEREZ claims damages for the injuries set forth above.

## SECOND COUNT
## (MALICIOUS PROSECUTION
## AGAINST INDIVIDUAL DEFENDANTS)

57. Paragraphs 1 through 56 are incorporated herein by reference.

58. The individual defendants, acting in concert, knowingly, intentionally, and maliciously caused false criminal accusatory instruments to be filed against Plaintiff MICHAEL PEREZ.

59. As a result of the malicious prosecution implemented by the individual defendants Plaintiff MICHAEL PEREZ claims damages for the injuries set forth above.

## THIRD COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANT CITY
## - *RESPONDEAT SUPERIOR*)

60. Paragraphs 1 through 59 are incorporated herein by reference.

61. Defendant CITY is liable for the damages suffered by the Plaintiff MICHAEL PEREZ as a result of the conduct of its agents, servants and employees, under the doctrine of *respondeat superior*.

62. Defendant CITY, by its agents, servants and employees, subjected Plaintiff MICHAEL PEREZ to malicious prosecution involving embarrassment, shame and public humiliation.

-12-

63.   As a result plaintiff MICHAEL PEREZ claims damages against Defendant CITY for the injuries set forth above.

## FOURTH COUNT
### (MUNICIPAL LIABILITY AGAINST DEFENDANT CITY - MONELL
### 42 U.S.C. SECTION 1983)

64.   Paragraphs 1 through 63 are incorporated herein by reference.

65.   Defendant CITY knew or should have known of its employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

66.   Prior to July 9, 2010, Defendant CITY developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which policies and/or customs caused the violation of Plaintiff MICHAEL PEREZ's rights.

67.   Upon information and belief, it was the policy and/or custom of Defendant CITY to improperly and inadequately investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by Defendant CITY, including, but not limited to incidents where defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers and others of its employees to make, false entries in official police department records, and to issue false and fraudulent criminal complaints and accusatory instruments, to cover up and hide their wrongful conduct.

68.   It was the policy and/or custom of Defendant CITY to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in

-13-

this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The Defendant CITY did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

69.     As a result of the above described policies and/or customs, police officers of the Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

70.     The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the Defendant CITY to the constitutional rights of persons within the CITY, and were the cause of the violations of plaintiff's rights alleged herein.

71.     As a result of the wrongful, deliberately indifferent and illegal acts of Defendant CITY, Plaintiff MICHAEL PEREZ claims damages against Defendant CITY for the injuries set forth above.

## FIFTH COUNT
## (NEGLIGENT FAILURE TO PROTECT THE PERSONAL PROPERTY OF PLAINTIFF WHILE IN THE CUSTODY OF DEFENDANT CITY)

72.     Paragraphs 1 through 71 are incorporated herein by reference.

73.     On or about July 25, 2012, and within 90 days following May 23, 2012, the earliest date when the additional damage, hereinabove alleged, could have been caused to plaintiff's 2010 Mercedes Benz motor vehicle, by reason of the negligence of Defendant CITY, its agents, servants, employees, and contractees, and by reason of the laws of the State of New York

-14-

regarding the obligations and liabilities of bailees of the property of another, arising from this incident, plaintiff filed written Notice of Claim with Defendant CITY. This matter has not been settled or otherwise disposed of.

74. This action is commenced within a year and 90 days after May 23, 2012.

75. Plaintiff has fully complied with all the provisions of the General Municipal Law regarding the presenting of a claim for property damage to a motor vehicle as the result of the negligence (and resulting from a bailment) of the Defendant CITYM, its agents, servants, employees and/or contractees.

76. By reason of the negligence of the CITY, its agents, servants, employees, and or contractees, in the safeguarding and safe storage of motor vehicles in its impound yard, the 2010 Mercedes Benz motor vehicle owned by the Plaintiff was additionally damaged.

77. By reason of the foregoing, and by reason of the law of bailment in the State of New York, Plaintiff MICHAEL PEREZ claims damages against Defendant CITY for the injuries to his property set forth above.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each count; for punitive damages on each count; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**
Plaintiff demands a trial by jury.

Tallman, New York
This 30 day of May, 2013

**Michael R. Scolnick, P.C.**

By: _____

Michael R. Scolnick        MS9984
Attorneys for plaintiff
PO Box 194
Tallman, New York 10982
Phone: (845) 354-9339
Fax:(845) 365-1506
E-Mail: Scollaw@verizon.net

BRONX CRIMINAL COURT                    Superseding Information
CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF NEW YORK

               v.                    STATE OF NEW YORK

                              COUNTY OF THE BRONX
1.  MICHAEL PEREZ M/44                    Docket# 2010BX043134


               Defendant

PO CRAIG EMHARDT of BXACU,  Shield# 00515,  states that on or about July 9, 2010 at approximately 4:15 AM at Third Avenue and Cross Bronx Expressway, County of the Bronx, State of New York,

    THE DEFENDANT COMMITTED THE OFFENSES OF:
1 (M) P.L. 205.30          Resisting Arrest
2 (M) P.L. 145.00(3)       Criminal Mischief 4^
3 (M) V.T.L. 1212          Reckless Driving
4 (M) V.T.L. 1192(3)       Operating a Motor Vehicle While Under the
                           Influence of Alcohol or drug
5 (V) V.T.L. 1192(1)       Operating a Motor Vehicle While Under the
                           Influence of Alcohol or drug

IN THAT THE DEFENDANT DID: intentionally prevent or attempt to prevent a peace officer or police officer from effecting an authorized arrest of himself or another person; recklessly damage property of another person in an amount exceeding two hundred and fifty dollars; drive or use a vehicle propelled by a power other than muscular power in a manner which unreasonably interfered with the free and proper use of the public highway, or unreasonably endangered users of the public highway; operate a motor vehicle while in an intoxicated condition and operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol.

    THE GROUNDS FOR THE DEPONENT'S BELIEF ARE AS FOLLOWS:

    Deponent is informed by PO BRIAN J HIGGINS of PBBX AC, Shield# 02194, that at the above time and place, a public roadway, informant was driving an unmarked Police vehicle when the front right side of a 2010 Mercedes Benz sedan, New York License Plate #EWT-6979, crashed into the left driver's side door of informant's vehicle causing informant's left driver's and passenger's doors to become severely dented and scratched, the front left tire to blow out, and bent the rim of siad tire.

    Deponent is further informed by informant that informant observed defendant to be seated behind the steering wheel and operating said Mercedes Benz with the keys in the ignition and engine running.

    Deponent is further informed by informant that informant is a New York City Police Officer and informant is the lawful custodian of said unmarked Police vehicle and informant did not give defendant permission or authority to damage,



Page 1 of 2



000706422

ExHiBiT A

Deponent further states that he detected an odor of an alcoholic beverage coming form defendant's breath and he observed defendant to have bloodshot watery eyes, slurred speech, and to be unsteady on his feet.

Deponent further states that the defendant stated in sum and substance, I WAS OUT WITH SOME FRIENDS AND ALL I HAD TO DRINK WAS SOME WINE, MY DRINKING TODAY REALLY FUCKED THINGS UP, I'M GOING TO PAY FOR THIS.

Deponent is further informed by informant, that upon attempting to arrest defendant for the aforementioned conduct, defendant flailed his arms and twisted his body refusing to be handcuffed.

Deponent further states, that he was present at the administration of a chemical test analysis of defendant's breath and defendant refused to take said test.

FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45

8/11/10
DATE and TIME


SIGNATURE

000706422

BRONX CRIMINAL COURT
CRIMINAL DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>v.<br><br><br>1.  MICHAEL PEREZ M/44<br><br>Defendant | SUPPORTING DEPOSITION<br><br>STATE OF NEW YORK<br><br>COUNTY OF THE BRONX<br><br>Arrest# B10656501 |

I, PO BRIAN J HIGGINS of PBBX AC,  Shield# 02194 say that I have read the
complaint filed in the above-entitled action and attached hereto and that the
facts stated in that complaint to be on information furnished by me are true
upon my personal knowledge.


FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE
AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45




8/11/10
DATE and TIME                    PO Higgins
                                 SIGNATURE



A000706422

EXHIBIT B